# MEMORANDUM
United States Probation Office
Western District of Washington

**Date:**     March 17, 2010

**To:**       The Honorable Benjamin H. Settle
              United States District Judge

**From:**     Todd A. Willson
              U.S. Probation Officer

**Subject:**  Bell, James Dalton
              Dkt. No. CR00-5731BHS
              **VIOLATION REPORT AND REQUEST FOR SUMMONS**

## STATUS

On August 24, 2001, James Bell was sentenced by The Honorable Jack E. Tanner to two consecutive five year terms of confinement, for Interstate Stalking, in violation of 18 U.S.C. § 2261A (1996) and 18 U.S.C. § 2261A(2)(B)(i)(2000). Additionally, he was sentenced to a three year term of supervised release with standard conditions and multiple special conditions.

On December 18, 2009, Bell commenced his term of supervised release. His supervised release is set to expire on December 17, 2012.

It now appears that James Bell has violated the conditions of supervision by:

## VIOLATIONS:

1. Failure to report to the probation officer and submit a truthful and complete written report within the first five days of each month, in violation of a standard condition.

**Supporting Evidence for Violation 1:** On December 22, 2009, Bell reported to the Vancouver probation office and met with this officer for his intake. During this meeting, he signed a document that states, " I have read or have had read to me the conditions of supervision set forth in the attached judgment, and I fully understand them. I have been provided a copy of them." Standard condition two states "the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month."

On February 8, 2010, this officer sent Bell a letter indicating that he was delinquent on his monthly report for the month of January. He was directed to report at 10:00 a.m. on February 17, 2010 to submit his monthly report. Bell reported on February 16, 2010 and submitted the monthly report

March 17, 2010
Page 2

prior to the scheduled meeting. He failed to answer the question of whether he had contact with anyone having a criminal record. He also wrote all over the report that he was not on supervision and to see his letter dated January 2010.

This monthly report was not truthful or complete.

On March 8, 2010, Bell submitted his monthly report by mail. A review of the report indicated that Bell did not answer any questions on the monthly report, with the exception of his address and phone number. He simply wrote "NA" on all of them. He also crossed out two notice on the report and wrote, "All prior agreements are hereby revoked" in four separate spots on the monthly report.

On March 11, 2010, a home visit was conducted at Bell's residence for the purpose of advising him that his monthly reports were not being submitted as required by the condition. He was directed complete the inaccurate and/or incomplete sections of the report and return it to the Vancouver probation office by the close of business on March 17, 2010. Bell was given a copy of the monthly report in question and another copy of his judgment during the contact.

On March 17, 2010, Bell reported to the Vancouver office at approximately 9:00 a.m. and tried to "file" a Habeus Corpus document on this officer and an "EMERGENCY MOTION." Bell was once again informed, as he has been multiple times in the past, that the probation office does not accept Court filings. Bell continued to be argumentative and loud. He was instructed multiple times that he needed to submit a complete and truthful monthly report. After about 25 minutes of listening to Bell, he was instructed to leave the office. Bell never submitted the requested monthly report.

## ADJUSTMENT AND EVALUATION

Bell believes that he is not on supervision. His belief that he is not on supervision makes supervision of him nearly impossible. He is disruptive and argumentative during every contact. He has attempted to file multiple Court filings with this officer. He has consistently been told by this officer that we do not accept Court filings. He believes that our placard on the front of the office that states "U.S. Courts" obligates this office to accept filings on his behalf.

## COMMUNITY RISK

Pursuant to Criminal Procedure Rule 32.1(a)(6) and 18 U.S.C. § 3143(a), when a person is taken into custody for violating probation or supervised release there is a presumption of detention, and the burden is on that person to establish by clear and convincing evidence that he or she is not likely to flee or pose a danger to safety of another person or the community if released.

Despite Bell's argumentative nature, he has yet to directly threaten his probation officer, other than to demand Court relief. However, the offense of conviction involves Bell's direct confrontation with

March 17, 2010
Page 3

Internal Revenue Service case agents and his willingness to attempt to locate and contact them at their personal residences.

Bell has reported to the office when directed, and his violation behavior is at this time, limited to his refusal to acknowledge the jurisdiction of the Court in this matter. A summons is requested based on this information. Should additional information be developed that would suggests that he has lost control of himself and or threatened anyone, the Court will be informed.

## RECOMMENDATION

It is respectfully recommended that a summons be issued for James Bell to show cause why his term of supervised release should not be revoked.

I swear under penalty of perjury that the foregoing is true and correct.

Executed on this 17th day of March, 2010.

Sincerely,

Todd A. Willson
U.S. Probation Officer

APPROVED:
William S. Corn
Chief U.S. Probation Officer

BY:
Jeffrey S. Thomason
Supervising U.S. Probation Officer

TAW:tw