UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>   v.<br><br>JAMES DALTON BELL,<br><br>            Defendant. | CASE NO. CR00-5731BHS<br><br>ORDER DECLINING TO VOLUNTARILY RECUSE AND REFERRING THE MOTION TO THE CHIEF JUDGE |

      This matter comes before the Court on Defendant James Dalton Bell's "Motion for Appointment of Unconflicted Judge" which the Court is interpreting as a motion to recuse the undersigned judge. Dkt. 250. Defendant's motion was filed on March 24, 2010. *Id.* On March 23, 2010, Robert Leen was appointed as counsel to represent Defendant in the above-captioned action. Dkt. 248. No pleadings have been filed by Mr. Leen with respect to Defendant's Motion.

      Defendant's motion relies on his position that judges lack "general criminal jurisdiction in every pending and past criminal case" and must recuse themselves unless the judges have raised this issue sua sponte in every criminal case heard since December 2007. Dkt. 250 at 4. According to Bell, because the undersigned judge has not "been vetted for this conflict," another "unconflicted judge must be appointed immediately." Id.

      Motions to recuse a judge are addressed in Local Rule GR 8 (c), which states:

ORDER – 1

> Whenever a motion to recuse due to alleged bias or prejudice directed at a judge of this court is filed pursuant to 28 U.S.C. §144, the clerk shall refer it to the chief judge. . . . Before a ruling is made on a motion to recuse any judge, the challenged judge will be afforded an opportunity to review the motion papers and decide whether to recuse voluntarily.

A judge must recuse himself if a reasonable person would believe that he is unable to be impartial. Yagman v. Republic Insurance, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry into whether there is the appearance of bias, not whether there is bias in fact. Preston v. United States, 923 F.2d 731, 734 (9th Cir. 1992); United States v. Conforte, 624 F.2d 869, 881 (9th Cir. 1980). In Liteky v. United States, 510 U.S. 540, 555 (1994), the Supreme Court further explained the narrow bases for recusal:

> Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

The undersigned judge does not find any proper grounds for recusal in this case and therefore, refuses to voluntarily recuse. In compliance with Local Rule GR 8 (c), the Court refers the motion to the Chief District Judge.

**ORDER**

Therefore, good cause having been shown, it is hereby

**ORDERED** that Defendant's motion to recuse is referred to the Chief District Judge.

DATED this 13th day of April, 2010.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 2